CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 3 0 2009

JOHN F. CORCORAN, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TOISSANT D. BASSETT, | )<br>) |
| Petitioner, | ) Case No. 7:09CV00456<br>) |
| v. | )<br>) MEMORANDUM OPINION |
| GENE JOHNSON, DIRECTOR, | )<br>) By: Glen E. Conrad<br>) United States District Judge |
| Respondent. | ) |

Petitioner Toissant D. Bassett, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Bassett is serving sentences of imprisonment imposed by the Circuit Courts for the Cities of Newport News and Chesapeake. In his current petition, Bassett raises constitutional challenges to the duration of his detention.[1] As relief, he seeks immediate release.[2] Upon review of the record, the court finds that the petition must be dismissed without prejudice.

## Background

Bassett's submissions provide the following general sequence of facts relevant to his claims. Bassett was convicted of cocaine possession in the Circuit Court for the City of Newport News in 1995 for offense conduct that occurred in 1993 and 1994 and sentenced to a term of imprisonment. He was released on discretionary parole on May 13, 1996 with four years, five months and 29 days left to serve. Not quite two years later, authorities arrested him on a parole violation warrant and new criminal charges. In November and December of 1998, he was convicted and sentenced in the circuit court on the new charges, and in July 1999, the Virginia

---

[1] Bassett was convicted within the territorial jurisdiction of the United States District Court for the Eastern District of Virginia. However, he is incarcerated at Pocahontas Correctional Center, within the territorial jurisdiction of this court, and is challenging sentence calculation rather than the validity of his conviction and sentence. Therefore, his petition need not be transferred for disposition. 28 U.S.C. § 2241(d).

[2] Bassett asserts that his mandatory release date should have been December 18, 2005.

Parole Board revoked his parole. In 2006, he was convicted in the Circuit Court for the City of Chesapeake of indecent exposure and sentenced to six months imprisonment. Although Bassett's scattered submissions do not include a clear list of the sentences he is now serving, it appears that his mandatory parole release date is currently projected for sometime in August 2011.

Bassett filed a petition for a writ of mandamus in the Supreme Court of Virginia in January 2009, arguing that VDOC officials had incorrectly calculated his term of confinement by failing to give him sentence credit for time served on parole and for earned good conduct time. By order entered April 30, 2009, the Court dismissed his mandamus petition as untimely, pursuant to Virginia Code Ann. § 8.01-644.1 (setting one year deadline for filing of mandamus petitions), and dismissed his objection to this ruling by order dated June 8, 2009.

In his federal habeas petition, Bassett asserts that (a) the Supreme Court of Virginia's rulings in his mandamus action and the Court's failure to conduct a hearing on his mandamus petition violated his constitutional rights; and (b) the Virginia Department of Corrections (VDOC) is violating his rights by refusing to give him appropriate credit against his sentence for time served in pretrial detention, for time served on parole, and for good conduct time earned during a previous term of confinement.

## Discussion

Under § 2254, the district court may grant habeas relief to a person in custody under the judgment of a state court who demonstrates that his confinement pursuant to that judgment is in violation of the Constitution or laws of the United States. § 2254(a). Lower federal courts do not have jurisdiction, however, to review the judgments of state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Jurisdiction for appellate review of state court judgments lies exclusively with superior state

courts and, ultimately, with the United States Supreme Court. Plyler, 129 F.3d at 731; 28 U.S.C. § 1257.

Bassett's claim (a) must be dismissed because it is not actionable under § 2254. Bassett's complaints regarding the manner in which the Supreme Court of Virginia addressed his mandamus petition do not allege grounds on which Bassett's continued detention is unconstitutional. Clearly, he has no constitutional right to release from his state criminal sentence because the state court denied his mandamus petition without a hearing. Moreover, to the extent that Bassett is asking this court to address the validity of the state supreme court's actions regarding the mandamus action, he is seeking a form of direct appellate review not available in this court. See Feldman, 460 U.S. 482-83. The court must, therefore, dismiss claim (a) without prejudice, as Bassett is not entitled to relief on this ground under § 2254.

Section § 2254(b) prohibits a federal court from granting habeas relief unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). To exhaust remedies as to a sentence miscalculation claim, the inmate may pursue a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654(A)(1); § 17.1-411. In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Id. If the petitioner has available state court remedies, the federal court must dismiss the § 2254 petition. If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971); Durkin v. Davis, 538 F.2d 1037, 1042 (4th Cir. 1976) (finding that § 2254 petition regarding state sentence credit should have been dismissed because petitioner's presentation of claim in petition for writ of mandamus to state's highest court could not satisfy exhaustion requirement where petitioner had available state court habeas remedy).

Bassett's claim (b), that his sentence is incorrectly calculated, is properly couched as a claim under § 2254. His presentation of this claim to the Supreme Court of Virginia in an untimely mandamus petition did not satisfy exhaustion requirements under § 2254(b), however. Mandamus relief is an extraordinary remedy, maintainable only when no other remedy is available. Durkin, 538 F.2d at 1042. Bassett fails to demonstrate that he pursued the available state court remedy of filing a habeas corpus petition concerning his current sentence calculation. Accordingly, his mandamus action, dismissed for a procedural reason, did not constitute exhaustion under § 2254(b). Id. As Bassett fails to demonstrate that he has no available state court remedy as to claim (c), the court must dismiss this claim without prejudice as unexhausted.

## Conclusion

For the stated reasons, the court will dismiss the § 2254 petition without prejudice,[3] pursuant to Rule 4 of the Rules Governing § 2254 Cases.[4] An appropriate final order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 30th day of NOVEMBER, 2009.

_____
United States District Judge

---

[3] Petitioner may refile his sentence miscalculation claim, pursuant to 28 U.S.C.§ 2254 if he is unsuccessful in obtaining relief after exhausting his state court remedies. Bassett has no constitutional right, however, to restoration of good conduct time he earned before his release on discretionary parole, see Warren v. Baskerville, 233 F.3d 204, 207 (4th Cir. 2000), or to sentence credit for time during which he was released on parole, see Virginia Code § 53.1-156 ("The time during which a parolee is at large on parole shall not be counted as service of any part of the term of imprisonment for which he was sentenced upon his conviction.").

[4] Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."